IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRODERICK DALE NELSON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12CV896 |
| v. ) | 1:09CR297-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Broderick Dale Nelson, Jr., a federal prisoner, brings a Motion [Doc. #10] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty in this Court to one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In Petitioner's Motion, he raises a claim asserting that his conviction in this Court is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for the predicate felony supporting his conviction. Petitioner also claims in a supporting Memorandum [Doc. #11] that his sentence is incorrect following Simmons. In this regard, Petitioner challenges an enhancement he received under the USSG § 2K2.1(a)(2) for committing the instant offense subsequent to sustaining at least two felony convictions for a crime of violence or a controlled substance offense. Petitioner contends the convictions used to apply that Guideline provision should not be counted as a felonies following Simmons.

Petitioner's claim as to his conviction easily fails. The predicate felony underlying Petitioner's § 922(g) conviction in this case was not a prior North Carolina state court conviction, but rather a prior conviction in the Western District of North Carolina for possession of a firearm in violation of 18 U.S.C. § 922(g). (Indictment [Doc. #1].) Petitioner faced a ten-year potential penalty for that offense, and he actually received a sentence of 57 months, or well more than a year. (Response, Attach. 1.) Petitioner's prior predicate conviction is clearly a felony and his challenge to his current conviction should be denied.

In addition, to the extent that Petitioner is challenging a sentence enhancement under the United States Sentencing Guidelines, the Court notes that the United States Court of Appeals for the Fourth Circuit recently addressed the question of whether a similar challenge to a Guidelines career offender calculation was cognizable on collateral review, and held that such a challenge to a Guidelines calculation was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). Therefore, Petitioner's Simmons challenge raising a Guidelines calculation issue would not be cognizable in this collateral review proceeding.[1]

---

[1] The Government also contends that Petitioner's claim is barred by the applicable statute of limitations. It appears that this argument would also defeat Petitioner's § 2255 Motion challenging his Guidelines calculation. See Whiteside v. United States, 775 F.3d 180, 187 (4th Cir. 2014) (en banc). However, the Court need not address this issue in light of Foote's impact on Petitioner's claim.

2

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to vacate, set aside or correct sentence [Doc. #10] be denied and that this action be dismissed.

This, the 3rd day of August, 2015.

                                                /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge